UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|                          |     |                        |
| KATISHA EDNACOT,         | )   |                        |
|                          | )   |                        |
| Plaintiff,               | )   | Civil Action No.       |
|                          | )   | 5:14-cv-96-JMH         |
| v.                       | )   |                        |
|                          | )   | **MEMORANDUM OPINION** |
| MESA MEDICAL GROUP, PLLC,| )   | **AND ORDER**          |
|                          | )   |                        |
| Defendant.               | )   |                        |
|                          | )   |                        |

*** 

This matter is before the Court upon Defendant's Motion to
Dismiss [D.E. 5] and Plaintiff's Motion to Remand. [D.E. 13].
The motions being fully briefed,[1] and the Court being otherwise
sufficiently advised, these motions are ripe for review.

**I. Procedural Background**

Plaintiff Katisha Ednacot filed this suit in Boyle County
Circuit Court on February 18, 2014. [D.E. 1-1]. Ednacot's
complaint alleged breach of contract, conversion, violation of
KRS 337.385, and fraud and fraud in the inducement. [D.E. 1-1 at
3-4]. Plaintiff also seeks punitive damages. [D.E. 1-1 at 6].
Defendant filed a notice of removal on March 12, 2014. [D.E. 1].

Once removed, Defendant moved to reassign the case to the
undersigned, alleging that this matter is related to *Berera v.*

---

[1]    Defendant filed a Motion to Amend/Correct its Motion to
Dismiss. [D.E. 21]. That Motion, which is unopposed, will be
granted. The Court has considered those arguments herein.

*Mesa Medical Group, PLLC*, No. 5:13-cv-294-JMH (E.D. Ky.).
Defendant's motion was granted on March 17, 2014. [D.E. 4].
Subsequently, Defendant filed its Motion to Dismiss [D.E. 5] and
Plaintiff filed her Motion to Remand. [D.E. 13].

Plaintiff brings her claims based upon allegations that
Defendant incorrectly withheld improper amounts from Plaintiff's
paychecks, in essence, Defendant's share of state and federal
taxes, and expenses for benefits that Plaintiff did not incur.
Specifically, Plaintiff alleges that Federal Insurance
Contributions Act (FICA) taxes, the Federal Unemployment Tax Act
(FUTA) tax, the State Unemployment Insurance (SUI) tax, and
expenses for a cell phone and travel were improperly deducted
from Plaintiff's paychecks. Thus, according to Plaintiff, her
paycheck did not reflect the proper amount of wages owed.

## II. Standard of Review

### A. Plaintiff's Motion to Remand

"[A]ny civil action brought in a State court of which the
district courts of the United States have original jurisdiction,
may be removed by the defendant or the defendants, to the
district court of the United States for the district and
division embracing the place where such action is pending." 28
U.S.C. § 1441. "The notice of removal of a civil action or
proceeding shall be filed within 30 days after the receipt by
the defendant, through service or otherwise, of a copy of the

initial pleading." *Id.* § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Id.* at 393 (alteration in original). However, "[o]n occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law claim is considered, from its

inception, a federal claim, and therefore arises under federal law." *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983)).

"The party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)). "The removal petition is to be strictly construed, with all doubts resolved against removal." *Id.* (citations omitted).

## B. Defendant's Motion to Dismiss

A party may present the defense of failure to state a claim upon which relief can be granted through motion. Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and must accept as true "well-pleaded facts" set forth in the complaint. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997) (citations omitted). If it appears beyond doubt that the plaintiff's complaint does not

state facts sufficient to "state a claim to relief that is plausible on its face," then the claims must be dismissed. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 542 (6th Cir. 2007). Further, the complaint must establish "enough fact to raise a reasonable expectation that discovery will reveal evidence" to show the averments are factually plausible. *Twombly,* 550 U.S. at 556. While the Court presumes all factual allegations to be true and makes all reasonable inferences in favor of Plaintiffs, the Court does not have to "accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). If the "complaint does not contain any factual allegation sufficient to plausibly suggest" each essential element of the averred violation, it does not contain enough factual content to nudge the claim across the line from conceivable to plausible, and must be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 680-83 (2009).

**III. Analysis**

**A. Plaintiff's Motion to Remand**

This matter was properly removed on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff has attempted to artfully plead state law claims, but the bulk of Plaintiff's claims amount to a federal tax refund suit, thereby

giving this Court jurisdiction under the complete preemption doctrine. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) ("[P]laintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'" (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981))).

Twenty-six U.S.C. § 7422 provides that:

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422. Section 7422 completely preempts Plaintiff's state law claims pertaining to an excessive withholding of FICA taxes.

> [Plaintiff] alleges that the amount withheld from her paycheck was excessive, and that the 7.65 percent at issue was wrongfully collected from her. These allegations track the language of § 7422. That statute required [plaintiff] to seek a refund from the IRS, which would in turn seek to collect the employer FICA tax due from [defendant]. Moreover, even if we did not hold that the language of § 7422 expressly preempted [plaintiff's] claim, the broad sweep of § 7422 – especially as described by the Supreme Court . . . – suggests that Congress intended the IRS to occupy the field of tax refunds, preempting claims such as [plaintiff's].

*Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 69 (3d Cir. 2008) (citations omitted); *see also Crouch v. Guardian Angel Nursing, Inc.*, No. 3:07-cv-541, 2009 WL 3738095, at *5 (M.D. Tenn. Nov. 4, 2009) ("Those few courts that have done so with any degree of depth have overwhelmingly come down on the side of preemption, regardless of whether the claims at issue are asserted directly under FICA or are framed as state-law claims . . . ."). Therefore, because Plaintiff seeks monies wrongfully collected as a federal tax, but veils her claims in state law causes of action, the Court has federal question jurisdiction.

Plaintiff's assertions before this Court establish that she is seeking to recover taxes excessively withheld from her paychecks. First, Plaintiff states that the "Compensation Schedule does not state 'employer share,' which ultimately aids in the disguise as a legitimate deduction." [D.E. 13 at 6]. Later, Plaintiff states that "the artificially created 'wages' here were in fact a function of subtracting the employer's share." [D.E. 13 at 27]. In effect, Plaintiff is admitting that the full 15.3% of FICA taxes was withheld from Plaintiff rather than the 7.65% owed by the employee. Thus, Plaintiff acknowledges that she overpaid her portion of the FICA tax and she seeks a return of the excessive withholding. Therefore, the claims, as they relate to FICA, are preempted and the Court has federal question jurisdiction under 28 U.S.C. § 1331. *See*

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

As to the FUTA tax, the Court has federal jurisdiction because Plaintiff, despite alleging state law causes of action, has filed a federal tax refund suit to recover federal taxes wrongfully or illegally assessed. Twenty-six U.S.C. § 7422 "means that if someone wrongfully collects money as a tax, then a suit to recover the suit constitutes a tax refund suit, even if the sum did not literally constitute an 'internal revenue tax.'" *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1410 (9th Cir. 1998), *amended by Brennan v. Sw. Airlines Co.*, 140 F.3d 849 (9th Cir. 1998) (quoting *Flora v. United States*, 362 U.S. 145, 149 (1960)). Plaintiff alleges that Defendant wrongfully withheld portions of Plaintiff's paycheck as a FUTA tax. Therefore, Plaintiff's claim amounts to a tax refund suit. Tax refund suits, even if cloaked in state law claims, are preempted. *See id.* at 1409 ("It is well established that the IRS provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds." (citations omitted)). Therefore, this Court has federal question jurisdiction over the claims relating to an illegal or wrongful

withholding of FUTA taxes. *See Caterpillar, Inc.*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

Not all of Plaintiff's claims involve a federal issue. Plaintiff also alleges that Defendant excessively withheld state unemployment taxes, as well as withheld money as reimbursement for expenses never incurred. These claims form part of the "same case or controversy," thereby giving the Court supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole."). This Court having jurisdiction over all the claims, Plaintiff's Motion to Remand must be denied.

**B. Defendant's Motion to Dismiss**

Having established that it has jurisdiction, the Court turns to Defendant's Motion to Dismiss. Plaintiff's claims alleging that federal taxes were excessively withheld or illegally assessed must be dismissed. The remaining claims involving state taxes and reimbursed expenses will be remanded because the Court, in its discretion, will not exercise supplemental jurisdiction over those claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal-law claim in the action was eliminated at an early state of the litigation, the District Court had a powerful reason to choose not to exercise jurisdiction.").

Defendant first alleges that the case must be dismissed because it is barred by the doctrine of res judicata.

> For res judicata to apply, the following elements must be present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

Defendant alleges that a final decision on the merits was reached by this Court in *Berera v. Mesa Medical Group, PLLC*, No.

5:13-cv-294-JMH, (E.D. Ky.). The Court dismissed the complaint in *Berera* finding that it failed to state a claim upon which relief could be granted. *See Berera v. Mesa Medical Group, PLLC*, No. 5:13-cv-294-JMH, 2014 WL 29386, at *3 (E.D. Ky. Jan. 3, 2014). "The sustaining of a motion to dismiss for failure to state a claim upon which relief can be granted is a judgment on the merits." *Durham v. Mason & Dixon Lines, Inc.*, 404 F.2d 864, 865 (6th Cir. 1968) (citations omitted). Thus, the first element is met.

Defendant alleges that Ednacot was a party in the *Berera* case and Plaintiff alleges that Ednacot was never made a party.[2] The Court finds that res judicata does not apply because, despite Plaintiff's counsel's representations to the contrary in the *Berera* matter, Ednacot was never made a party to the *Berera* suit. In the *Berera* matter, before the action was removed to this Court, Plaintiff's counsel filed a second amended complaint adding Ednacot as a party. According to Kentucky Rule of Civil Procedure 15.01, "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. . . ." Ky. CR 15.01. Because Berera had already filed one amended

---

[2] At the time of the *Berera* suit, Plaintiff, Katisha Ednacot, went by the name Katisha Kabalen.

complaint and the second amended complaint was filed without leave or written consent, the second amended complaint was "without legal effect." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1484 (3d ed.) ("[I]f an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect."). Plaintiff's counsel later filed a motion to file the second amended complaint, which had not been ruled upon when Defendant removed the case to this Court. This motion was denied as moot when the case was dismissed. *Berera v. Mesa Medical Group, PLLC*, No. 5:13-cv-294-JMH (E.D. Ky.), at [D.E. 21]. Thus, the second amended complaint, filed without leave of court, was of no legal effect and Ednacot was not made a party to the Berera suit because this Court denied the motion for leave. While the Court believed, based, in part, on Plaintiff's counsel's assertions to that effect, that Ednacot was a party to the matter and indicated in its multiple orders that Ednacot was a party, the Court will not prejudice Ednacot due to the Court's oversight.[3]

---

[3] The Court is especially sensitive to prejudicing Plaintiff because the *Berera* matter is now on appeal and Plaintiff is not a party to that appeal. *See* [D.E. 14 at 6] ("[H]er counsel filed the Brief for Appellant in the *Berera* appeal which, tellingly, described the claims in the complaint and amended complaint, but . . . did not mention Ms. Kabalen/Ednacot."). The Court confirmed that Plaintiff is not a named party to the *Berera* appeal by reviewing the Sixth Circuit public docket sheet.

While the Court will not punish Plaintiff and takes ultimate responsibility for its oversight, the Court points out to Plaintiff's counsel that candor to the Court is not only appreciated, it is required. *See* Ky. SCR 3.3. Counsel's Response to Defendant's Motion for Summary Judgment in the *Berera* matter was purportedly filed on behalf of "Tammy Berera and Katisha Kabalen." *Berera v. Mesa Medical Group, PLLC*, No. 5:13-cv-294-JMH (E.D. Ky.), at [D.E. 9 at 1]. Plaintiff's counsel went on to state that "Plaintiffs filed a Second Amended Complaint setting forth the same allegations and adding Katisha Kabalen as an additional named Plaintiff." [D.E. 9 at 2]. Furthermore, it was obvious from the Court's Show Cause Order that the Court believed Ednacot had been made a party to the *Berera* suit. *Berera v. Mesa Medical Group, PLLC*, No. 5:13-cv-294-JMH, 2013 WL 6383013, at *1 (E.D. Ky. Dec. 6, 2013) ("Berera filed a second amended complaint to add Katisha Kabalen as a member of the class."). Plaintiff's counsel filed a response to the Court's Show Cause Order and failed to advise the Court that Ednacot was not a party to the action. It is only now, when it serves Plaintiff's counsel's interests, that Plaintiff's counsel felt the need to properly advise the Court of its misunderstanding. Finally, without comment on the wholly unsupported, speculative accusations that Defendant willfully stole from its employees to cover overhead expenses, Plaintiff's counsel has asserted in

13

briefs before this Court that Defendant has withheld from Plaintiff's paycheck "bogus" travel and cell phone expenses. [D.E. 10 at 2, 7]. Defendant has filed documents under seal showing that the only thing bogus is Plaintiff's counsel's argument. The Court will not tolerate similar conduct from Plaintiff's counsel in the future.

Nevertheless, Plaintiff's claims alleging that FICA taxes were withheld must be dismissed because FICA does not provide a private right of action. *Umland*, 542 F.3d at 67 ("FICA does not create a private right of action."); *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 726 (11th Cir. 2002) ("[W]e hold that no private right of action may be implied under FICA."); *Salazar v. Brown*, 940 F. Supp. 160, 166 (W.D. Mich. 1996) ("I conclude that the Sixth Circuit would likewise refuse to imply a cause of action under FICA."). Additionally, § 7422 provides that "[n]o suit or proceeding shall be maintained in any court for the recovery . . . of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). Plaintiff seeks to recover a sum that was excessive or wrongfully collected, and has failed to file a claim for a refund with the Secretary. Therefore, pursuant to § 7422, Plaintiff cannot maintain this suit as it relates to FICA taxes.

Plaintiff's claims as they relate to FUTA taxes must also be dismissed because, like FICA, FUTA does not expressly or impliedly create a private right of action. *See Wanken v. Wanken*, No. 3:12-cv-2107-BK, 2013 WL 1828840, at *7 (N.D. Tex. May 1, 2013) ("[T]his Court finds that there is no implied private right of action under FUTA."); *Glanville v. Dupar, Inc.*, 727 F. Supp. 2d. 596, 602 (S.D. Tex. 2010) ("This court finds that there is no implied private right of action under FUTA."); *Bendsen v. George Weston Bakeries Distrib. Inc.*, No. 4:08-cv-50-JCH, 2008 WL 4449435, at *4 (E.D. Mo. Sept. 26, 2008) (citations omitted) ("While the Eighth Circuit has not addressed whether FICA and FUTA create private rights of action, the majority of courts considering the issue has held they do not."); *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 62 F. Supp. 2d 878, 887 (E.D.N.Y. 1999) ("The Court agrees with the decision of the Seventh Circuit Court of Appeals . . . and finds its rationale applicable to FUTA, FICA, and SUI. . . . [T]he Seventh Circuit stated that '[e]mployees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability.'" (quoting *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984))).

Furthermore, pursuant to § 7422, Plaintiff may not maintain this action as it relates to a recovery of an alleged illegal

withholding of FUTA taxes. While Plaintiff makes much of the fact that an employee is not liable for FUTA taxes, it does not change the fact that, according to Plaintiff, she was assessed the amount as a tax. By the plain language of § 7422, the statute applies to suits "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . or of any sum alleged to have been . . . in any manner wrongfully collected." 26 U.S.C. § 7422. The Court finds that Plaintiff's allegations meet this "expansive" statute because Plaintiff alleges that an internal revenue tax was illegally assessed against her or, at the very least, that a sum was wrongfully collected from her. *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7 (2008) ("Five 'any's' in one sentence and it begins to seem that Congress meant the statute to have expansive reach."); *see also Flora v. United States*, 362 U.S. 145, 149 (1960) ("[T]he function of the phrase ['any sum'] is to permit suit for recovery of items which might not be designated as either 'taxes' or 'penalties' by Congress or the courts."). Thus, even if FUTA created a private right of action, Plaintiff may not maintain her action for a recovery of amounts withheld as a FUTA tax in a United States court until she has sought a tax refund from the IRS. *See* 26 U.S.C. § 7422.

All of Plaintiff's claims, as they relate to federal taxes, must be dismissed because they seek damages for an excessive withholding of FICA taxes and damages for an illegal assessment of FUTA taxes, for which there is no private remedy and because Plaintiff has not first pursued her administrative remedy. Plaintiff first claims that Defendant breached the employment contract. [D.E. 1-1 at 3]. Even assuming Defendant breached the contract by not compensating Plaintiff the full amount she was owed, the reason Plaintiff would not have received the full amount owed is that Defendant was excessively withholding or improperly assessing federal taxes. Plaintiff also makes a claim for fraud and fraud in the inducement. [D.E. 1-1 at 4]. Any damages Plaintiff may be awarded on this claim would be equal to the amount of the tax excessively or improperly withheld, and, therefore, Plaintiff again seeks to recover federal taxes excessively or improperly withheld. *See Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 261 (Ky. Ct. App. 2007) (citations omitted) ("Where an individual is induced to enter into the contract in reliance upon false representations, the person may maintain an action for a rescission of the contract, or may affirm the contract and maintain an action for damages suffered on account of the fraud and deceit.").

Plaintiff's claims of conversion, violation of KRS 337.385, and negligence likewise seek to recover the amount of

excessively or improperly withheld federal taxes. Plaintiff's conversion claim asserts that "Defendant has interfered with Plaintiff's lawful right to her property," the alleged violation of KRS 337.385 occurred because Defendant paid "an amount less than the wages to which she was entitled," and the negligence claim is based upon a negligent withholding of wages. [D.E. 1-1]. Thus, all of these claims are based upon an alleged failure to pay the full amount of wages. The reason the full amount of wages were allegedly not paid is because Defendant excessively or improperly withheld federal taxes. Therefore, all of Plaintiff's claims, as they relate to federal taxes, must be dismissed. *See Delue v. Scaife*, 775 F. Supp. 712, 717 (S.D.N.Y. 1991) ("[Plaintiff] asks this Court to grant damages based upon defendant's violations of employment-related tax laws. . . . Plaintiff cannot change the nature of her claim merely by calling it a tort; her claim is one for damages based upon violations of statutes that do not expressly [or impliedly] create a private cause of action.").

The Court emphasizes that it is in no way expressing an opinion on the merits of Plaintiff's claims. The Court simply holds that, based on the administrative and statutory scheme established, Plaintiff seeks a remedy from an improper forum. The proper avenue of relief is an administrative action before the IRS. Plaintiff complains that this may require a full-scale

IRS investigation of Mesa's tax obligations.[4] [D.E. 10 at 33].
The Court will not ignore federal case law and federal statutes
simply because Plaintiff prefers a different remedy.

Plaintiff argues that there is no remedy from the IRS
because "the administrative scheme does not contemplate a refund
to an employee for the employer share of FICA." [D.E. 10 at 33]
(alteration in original). However, Plaintiff fails to recognize
that the recovery she seeks is a refund for an overpayment of
the employee share. An employee owes 7.65% of the full 15.3% of
the FICA tax assessed on an employee's wages. 26 U.S.C §§ 3101,
3111. Plaintiff alleges that she paid the full 15.3%. Thus, she
overpaid her share by 7.65%. Simply because Plaintiff alleges
the overpayment was equal to the employer's share of FICA does
not mean that she seeks a refund of the employer's share of
FICA. The result would be the same if Plaintiff alleged 10% of
her wages were withheld as a FICA tax. In short, the amount of
the alleged overpayment does not change the fact that Plaintiff

---

[4]     Plaintiff's counsel's argument seems to ignore that if, as
alleged, Defendant was contractually obligated to pay a higher
wage and Plaintiff recovers, Plaintiff will also be forced to
pay additional taxes to reflect recovery of the correct wage.
*See United States v. Cleveland Indians Baseball Co.*, 532 U.S.
200, 220 (2001) ("[W]e hold that, for FICA and FUTA tax
purposes, back wages should be attributed to the year in which
they are actually paid."); *Gerbec v. United States*, 164 F.3d
1015, 1025 (6th Cir. 1999) ("[W]e must nevertheless determine
what portion of Plaintiffs' settlement awards were for back
wages and therefore subject to income taxation." (citations
omitted)).

claims she overpaid her portion of the FICA tax and that she must first seek a remedy from the IRS. If the IRS awards Plaintiff a refund and decides MESA owes that money as its share of the FICA tax, the IRS will recover that money from MESA, and if the refund is denied, Plaintiff may then bring suit in federal court. *See* 26 U.S.C. § 7422; *Crouch v. Guardian Angel Nursing, Inc.*, No. 3:07-cv-541, 2009 WL 3738095, at *7 (M.D. Tenn. Nov. 4, 2009) ("The court there found that there was 'no need to recognize an equitable right for restitution as to federal employment taxes' in light of other available legal remedies, namely the plaintiff's ability to urge the IRS to enforce the legal obligations of the employer to pay the taxes, the ability to file an administrative claim for a refund from the IRS under 26 U.S.C. § 6511(a), and the ability to file suit under 28 U.S.C. § 1345(a) in the event the request for a refund is denied." (citing *McElwee v. Wharton*, 19 F. Supp. 2d 766, 771 (W.D. Mich. 1998))).

The Court also notes that, contrary to Plaintiff's assertions, the IRS is not an innocent third party. Mesa only had the power to withhold a portion of Plaintiff's wages because of the agency authority granted to it by the IRS. *See Eastman Kodak Co. v. United States*, No. 517-71, 1975 WL 3591, at *6 (Ct. Cl. Apr. 1, 1975), *aff'd as modified Eastman Kodak Co. v. United States*, 534 F.2d 252 (Ct. Cl. 1976) ("[T]he employer functions .

20

. . as a statutory collection agent for purposes of the employee portion of FICA."). Thus, Mesa was acting on behalf of the IRS when it allegedly made excessive withholdings.

The Court will remand the claims insofar as they are based upon an excessive withholding of state unemployment taxes and alleged unwarranted expenses. The Court has dismissed all the federal claims that give this Court jurisdiction and the Court declines to exercise its jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it has original jurisdiction."). Due to the Court's exercise of its discretion not to entertain jurisdiction over these claims, the Court does not rule on Defendant's argument that the claims should be dismissed due to a violation of the forum selection clause in the employment contract between Plaintiff and Defendant or that the expenses were properly deducted as pre-tax deductions to benefit Plaintiff. Rather, the claims, as they relate to state taxes and excessive withholding of taxes, are remanded to the Boyle County Circuit Court and Defendant is not prejudiced to making those arguments before that court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("This Court's crafting of the pendent jurisdiction doctrine in *Gibbs* strongly supports the conclusion that when a district court may

21

relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court.").

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Defendant's Motion to Amend its Motion to Dismiss [D.E. 21] be, and the same hereby is, **GRANTED**;

(2) that the Clerk shall **FILE** the Defendant's tendered Memorandum in Support of its Motion to Amend its Motion to Dismiss [D.E. 21-1] in the record;

(3) that Plaintiff's Motion to Remand [D.E. 13] be, and the same hereby is, **DENIED**;

(4) that Defendant's Motion to Dismiss [D.E. 5] be, and the same hereby is, **GRANTED IN PART**, in that Plaintiff's claims of breach of contract, conversion, violation of KRS 337.385, fraud and fraud in the inducement, and negligence are dismissed in so far as they seek damages for an alleged excessive withholding of FICA taxes and an illegal withholding of FUTA taxes, and **DENIED IN PART**, in that Plaintiff's claims of breach of contract, conversion, violation of KRS 337.385, fraud and fraud in the inducement, and negligence are not dismissed in so far as they seek damages for an alleged excessive withholding of state unemployment taxes and for expenses wrongfully withheld from Plaintiff's paychecks.

(5) That Plaintiff's claims of breach of contract, conversion, violation of KRS 337.385, fraud and fraud in the inducement, and negligence seeking damages for an excessive withholding of state unemployment taxes and expenses withheld from Plaintiff's paycheck be, and the same hereby are, **REMANDED** to the Boyle County Circuit Court.

This the 4th day of June, 2014.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge